Bernard S. Meyer, J.
This motion to dismiss for failure to prosecute is denied. The action is one for malpractice brought by an insured against his insurance company and the attorney engaged by the insurance company to prosecute its subrogation claim for property damage against one Smith. The claimed malpractice consisted of advising plaintiff to execute a general rather than a limited release of the-subrogation claim. That general.release has been pleaded as a defense in the personal injury action brought by plaintiff against Smith and which is now pending. Since the present action would be barred by limitations if not brought within two years after the act of malpractice (Conklin v. Draper, 254 N. Y. 620) and a dismissal for failure to prosecute is not within the protection of section 23 of *969 the Civil Practice Act, plaintiff was required to commence the present action on or before December 8, 1960 and will be absolutely barred if the present action is dismissed. His failure to put the case on the calendar results, plaintiff’s attorney says, from the fact that plaintiff has sustained no damage until the release defense interposed in the personal action is determined adversely to him, therefore can furnish no bill of particulars until the personal injury action is concluded, and therefore could not put the case on the calendar. While he is mistaken in that contention, for he could have moved for permission to file a note of issue before furnishing a bill of particulars (see Rules App. Div. [2d Dept.], Special Rule, as amd. eff. Nov. 18, 1957, subd. [9], par. [b]), that mistake appears to have been made in good faith and does not indicate such lack of diligence in prosecution as should require dismissal of the action. In the exercise of discretion, therefore, the court will deny the motion to dismiss upon condition that plaintiff furnish such particulars as are now available to him and then either (1) move, by notice of motion returnable on or before May 26, 1961 at Trial Term, Part I, for permission to file his statement of readiness and note of issue, or (2) provided defendants agree to accept a bill of particulars specifying plaintiff’s damages by reference to the personal injury action, file his statement of readiness and note of issue for the June Term.